1

2

3

4

5              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
6                      AT SEATTLE

7                                      )
   ASHLEY HOWES,                       )
8                                      )   No.
                        Plaintiff,     )
9                                      )   KING COUNTY SUPERIOR COURT
              vs.                      )   CAUSE NO. 11-2-38502-7SEA
10                                     )
   THE CITY OF SEATTLE, DETECTIVE      )   VERIFICATION OF STATE COURT
11 CARL CHILO, DETECTIVE SHARON        )   RECORDS
   STEVENS, DETECTIVE PAUL TAKEMOTO)
12 and DETECTIVE NATHAN JANES,         )
                                       )
13                      Defendant.     )
                                       )
14 _____  )

15                    **VERIFICATION**

16       The undersigned hereby declares the following:

17       1.     The undersigned is counsel for defendant City of Seattle.

18       2.     Pursuant to CR 101(b), attached are true and correct copies of all records and

19 proceedings in the Superior Court of King County, Washington, received by defendant City of

20 Seattle in the above-entitled action, Cause No. 11-2-38502-7SEA;

21       <u>Exhibit</u>        <u>Document</u>

22       1              Plaintiff's Summons and Complaint;

23

VERIFICATION OF STATE COURT RECORDS - 1

                                              Peter S. Holmes
                                              Seattle City Attorney
                                              600 Fourth Avenue, 4th Floor
                                              PO Box 94769
                                              Seattle, WA 98124-4769
                                              (206) 684-8200

2      King County Superior Court  Order Setting Civil Case Schedule;

3.     Case Information Cover Sheet and Case Assignment Designation;

4.     Notice of Appearance – City of Seattle;

5.     King County Superior Court Docket, Cause No. 11-2-38502-7SEA.

DATED this _____ day of December, 2011.

                         PETER S. HOLMES
                         Seattle City Attorney

                  By:    *s/Brian G. Maxey*
                         *s/Dominique' L. Jinhong*
                         Brian G. Maxey, WSBA #33279
                         Dominique' L. Jinhong, WSBA #28293
                         Seattle City Attorney
                         600 4th Avenue, 4th floor
                         P.O. Box 94769
                         Seattle, WA 98124-4769
                         Phone – Brian Maxey: 206-733-9001
                         Phone – Dominique' Jinhong: 206-684-8251
                         FAX:  206-684-8284
                         Email: brian.maxey@seattle.gov
                                dominique.jinhong@seattle.gov

                         Attorneys for Defendants

VERIFICATION OF STATE COURT RECORDS - 2

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
PO Box 94769
Seattle, WA 98124-4769
(206) 684-8200

# EXHIBIT 1

RECEIVED

11 NOV 23 AM 10: 56

CITY OF SEATTLE
MAYOR'S OFFICE

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

ASHLEY HOWES,

                Plaintiffs,

     v.

THE CITY OF SEATTLE, DETECTIVE.
CARL CHILO, DETECTIVE SHARON
STEVENS, DETECTIVE PAUL TAKEMOTO,
and DETECTIVE NATHAN JANES,

                Defendants.

NO. 11-2-38502-7 SEA

**SUMMONS**

TO: DEFENDANT

       A lawsuit has been started against you in the above-entitled court by the plaintiff

identified in the caption of this document.  Plaintiff's claim is stated in the written complaint,

a copy of which is served upon you with this summons.

       In order to defend against this lawsuit, you must respond to the complaint by stating

your defense in writing, and by serving a copy upon the person signing this summons within

20 days after the service of this summons, excluding the day of service, or a default judgment

may be entered against you without notice. A default judgment is one where the plaintiff is

entitled to what they ask for because you have not responded. If you serve a notice of

SUMMONS - 1 of 2

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  appearance on the undersigned person, you are entitled to notice before a default judgment

2  may be entered.

3       If you wish to seek the advice of an attorney in this matter, you should do so

4  promptly so that your written response, if any, may be served on time.

5       This summons is issued pursuant to Civil Rule 4 of the Superior Court of the State

6  of Washington.

7

8

9       Dated this ____ day of November, 2011.

10                           CONNELLY LAW OFFICES

11

12

13                         By _____

14                          John R. Connelly, Jr., WSBA No. 12183

15                          Lincoln C. Beauregard, WSBA No. 32878

16                          Julie A. Kays, WSBA No. 30385

17                          Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

SUMMONS - 2 of 2

RECEIVED

11 NOV 23 AM 10: 56

CITY OF SEATTLE
MAYOR'S OFFICE

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

ASHLEY HOWES,

          Plaintiffs,

    v.

THE CITY OF SEATTLE, DETECTIVE.
CARL CHILO, DETECTIVE SHARON
STEVENS, DETECTIVE PAUL TAKEMOTO,
and DETECTIVE NATHAN JANES,

          Defendants.

NO. 11-2-38502-7 SEA

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiffs by and through their attorneys John R. Connelly Jr., Lincoln

C. Beauregard, and Julie A. Kays of the Connelly Law Offices by way of claim allege and

state:

### I.    PARTIES AND JURISDICTION

1.1    Plaintiff Ashley Howes is an adult woman currently residing in Port

Townsend, Washington. Plaintiff's current name is Ashley "Stone" by way of marriage but

was Ashley "Howes" prior thereto and at the times giving rise to this case.

1.2    The City of Seattle is a municipal corporation in existence under the laws of

the State of Washington.

COMPLAINT - 1 of 9

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1.3     Detectives Carl Chilo, Sharon Stevens, Paul Takemoto, and Nathan Janes are individual law enforcement officers employed by the City of Seattle Police Department.

## II.     BACKGROUND

2.1     It was Martin Luther King, Jr. weekend of 2005 when then 13-year-old Ashley Howes was babysitting two children, ages 1.5 (Fraya Garden) and 5 (Madeline Garden), at the home of a woman named Morningstar Garden located in King County, Washington.  Prior to the events that were about the un-fold that evening and into the coming days, Ms. Howes was always described as a wonderful and loving young lady who was without a history of contacts with law enforcement and certainly without a criminal record.  In a shocking series of events that changed the lives of all the parties involved, at about 5:30 p.m. on Sunday, January 16, 2005, Ms. Howes found the younger of the two children that she was babysitting, Fraya Garden, was in a fetal position on the floor in the bedroom.  Ms. Howes tried to help Fraya Garden, but her eyes went limp and rolled back into her head.  As a result of Ms. Howes's frantic call to the 9-1-1 operators, Fraya Garden was rushed by the paramedics to Harborview Medical Center for urgent medical attention.  The police began asking questions.

2.2     Thereafter, during the late evening of Sunday, January 16, 2005 at approximately 10:40 p.m. and all through the night until well into the following day of Monday, January 17, 2005, the above named defendants repeatedly, and with deliberate indifference, violated Ms. Howes's constitutional right under the Fourth, Fifth, and Fourteenth Amendments not to be deprived of life, liberty, or property without the due process of law.  In the earliest hours of that morning and without probable cause to make an arrest, Ms. Howes was driven in a police squad car from the Harborview Medical Center through parts of Seattle where, according to the lower court wherein this matter and these circumstances were

COMPLAINT - 2 of 9

previously reviewed, "*none of us would walk alone late at night*" to the Seattle Police Department headquarters where she was unlawfully arrested without probable cause in violation of the Fourth Amendment and successively and coercively interrogated by the detectives named herein in violation of the Fifth and Fourteenth Amendments.[1]

2.3    Detectives Chilo and Keith Savas transported Ms. Howes from Harborview Medical Center to the police headquarters office under the guise to "*arrange for her to get home*" to her parents.[2]   It was expressly noted by Detective Chilo in the police report that as of approximately 11:00 p.m. he was advised that Ms. Howes' mother was prepared to meet Ms. Howes at the ferry terminal in order to ensure that she made it home safe: "*Cline had told me earlier that Howes mother would meet her at the ferry and take her back to Suquamish.*" It is also noteworthy that the ferries leave regularly from downtown Seattle until early in the morning, and that Suquamish is accessible by driving without taking a ferry.  But, instead, according to the lower court, Ms. Howes was misleadingly "*told that the reason that she was being taken into the police headquarters was to arrange for her to get home.*"[3]   Upon arrival at the police headquarters office at sometime around 11:00 p.m., Ms. Howes "*was taken to an office in the SAU* [Special Assault Unit] *unit, where no apparent effort was made to contact her parents or to arrange for her travel home, the indicated purpose of her coming to the police department.*"[4]   It was at that point that the successive and coercive interrogations began and the civil rights violations against this thirteen year old girl continued throughout the course of a custodial interrogation which lasted approximately 19 hours.

---

[1] Direct quotations from the lower court's rulings of the Honorable Suzanne Barnett dated October 11, 2005.
[2] *Id.*
[3] *Id.*
[4] *Id.*

COMPLAINT - 3 of 9

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

2.4     Between approximately 11:30 p.m. until approximately 1:00 a.m., Ms. Howes was interrogated by Detective Chilo even though, according to the detective's own concessions before the lower court, Ms. Howes was not a "suspect" in the investigation at that time and was therefore unlawfully arrested in violation of the Fourth Amendment.  All the while, *"Detective Chilo neglected to advise Ms. Howes of her rights before interrogating her in a custodial situation."* [5]  And in conflict with the fact that Ms. Howes was not a suspect at that time according to Detective Chilo, it was expressly found by the lower Court, contrary to the protestations of the detectives involved, Ms. Howes lived *"a ferry ride away from downtown Seattle.  She was 13 years old at the time.  No reasonable person in her situation would believe that she was free to go."*[6]  After Detective Chilo was done interrogating Ms. Howes, she sat and waited for approximately 2 more hours before being approached by the detectives again.

2.5     The subsequent coercive custodial questioning that occurred beginning at 3:08 a.m. that morning, only this time with a video camera, and was conducted by Detective Stevens *"can only fairly be characterized as an interrogation."*[7]  With respect to the interrogation tactics employed by Detective Stevens, the lower Court noted that it *"is inconceivable that asking Ms. Howes to demonstrate on video how she shook the toddler was not reasonably expected to illicit incriminating statements.  This occurred without an advisement of rights..."*[8]  Therefore, the incriminatory statements that were coerced by Detective Stevens were deemed inadmissible and the corresponding actions constitute

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

COMPLAINT - 4 of 9

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

violations of Ms. Howes's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. It was noted in the police report by Detective Janes that during the time of the custodial interrogation, Detective Stevens *"thought [Ms. Howes] was a witness, not a suspect."*

2.6   It was not until approximately 3:22 a.m., <u>after</u> the detectives unlawfully coerced Ms. Howes to make statements while under interrogation, that she was finally advised of her right to remain silent in accordance with *Miranda*. Beyond that, it was not until after the custodial interrogation that, according to Detective Steven's own police report, that Ms. Howes was even considered a "suspect" even though the unlawful arrest in violation of the Fourth Amendment was well into the fourth hour at that point in time in the morning: *"I now consider her to be a suspect."* Detective Stevens also noted, at 3:22 a.m., a request that *"Sgt. Welch telephone Suspect Howes guardian and advise them of her status, as it was reported that her step-mother was awaiting a telephone call to respond to Seattle to retrieve the suspect from the ferry terminal."*

2.7   With respect to the arrest and interrogation protocol that had unfolded, Detective Janes documented in a police report that, according to Detectives Chilo and Detectives Janes, prior to being interrogated but even after Ms. Howes was arrested, *"[t]hey had not Mirandized [Ms. Howes] and hadn't considered her a suspect either."* It should be noted that Detective Janes also documented the lack of proper training with respect to investigations involving minors when stating in the police report that *"I was unsure of the legal issues regarding interviewing a thirteen-year-old suspect."*

2.8   At approximately 4:20 a.m., after having been unlawfully arrested and coercively interrogated even though Ms. Howes was, according to Detective Chilo, not even a

COMPLAINT - 5 of 9

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

"suspect" to a crime, that Ms. Howes was booked based upon the statements that were coerced by Detectives Chilo and Stevens during the unlawful arrest the custodial interrogation that occurred without the proper *Miranda* rights being afforded to Ms. Howes. Thereafter, Ms. Howes was handcuffed, put in jail clothing, and then forced to spend a sleepless night in the juvenile jail. Ms. Howes was ultimately charged by the King County Prosecutor's Office with the murder in the second degree of 1.5-year-old Fraya Garden.

2.9     The next day, after the first round of interrogations on the part of Detectives Chilo and Stevens, the coercive interrogations continued on the part of Detectives Janes and Takemoto. But when Ms. Howes was approached by Detective Janes and Takemoto at approximately 3:05 p.m. on January 17, 2005, Ms. Howes *"invoked her right to remain silent and to have attorney present."*[9] Ms. Howes's assertions were *"quote, 'My mom and dad are getting a lawyer, unquote. Quote, My dad said I am not supposed to talk to anybody unless him or a lawyer, a lawyer is present."*[10] And further, when *"asked whether she wanted to go ahead regardless, she said, quote, 'I am supposed to wait,' unquote."*[11] Detectives Janes and Takemoto initially recognized that Ms. Howes had invoked her right to remain silent only to return *"to the holding cell nearly an hour later, nearly an hour after Ms. Howes invoked her right to remain silent and her right to have an attorney present, neither clarified that she now wished to waive those rights."*[12] During the time that this second round of unlawful interrogations were ongoing, it is important to note that Detectives Janes and Takemoto were working in concert with Deputy Prosecuting Attorney Christine Herman (WSBA #29370)

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

COMPLAINT - 6 of 9

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   from the King County Prosecutor's Office who was watching the entire interrogation process

2   unfold from behind the one-way glass.  Regardless, the unlawful and coercive interrogations

3   continued.

4        2.10   It should be noted that three hours into the second round of unlawful

5   interrogations, at approximately 6:05 p.m., it was documented in the police report by

6   Detective Janes that "*I made a mistake.  I was planning on telling [Ms. Howes] that Fraya*

7   *had died, for [Ms. Howes] did not yet know this.  I planned on breaking this gently, but I*

8   *made a mistake.  I accidentally said something about the injuries killing Fraya, using the*

9   *words kill or die instead of injure.  [Ms. Howes] heard the word kill, caught on quickly, and*

10   *asked me if Fraya was dead.  I told her she was...I believe she was angry with me for the way*

11   *I broke the news to her, and this is understandable...*"   Thereafter, the interrogation

12   continued, and it was not until 10:25 p.m., over seven hours after the unlawful videotaped

13   interrogation began at 3:05 p.m., that Ms. Howes was returned to her cell.

14        2.11   Ms. Howes was subjected to continued unlawful confinement as a direct

15   extension of the civil rights violations that had occurred, and she was ultimately released

16   under house arrest pending the completion of the investigation and trial setting in relation to

17   the death of Fraya Garden.  In the fall of 2005, the lower court conducted an extended seven

18   day hearing with respect to the impropriety of the actions on the part of the Seattle Police

19   Department, and most of the statements that were unlawfully elicited from Ms. Howes by the

20   detectives and aggressively sought by the King County Prosecutor's Office to be introduced

21   before the jury during the criminal trial were ultimately suppressed on October 11, 2005.

22        2.12   Despite the fact that the lower court suppressed the unlawfully elicited

23   statements, all of the statements were introduced in open court during the pre-trial criminal

COMPLAINT - 7 of 9

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

(3.5) hearing against Ms. Howes.  Ms. Howes was forced to defend and challenge the incriminatory statements in open court, and to make decisions in the face of the peril of second degree murder charges that were asserted based upon those same statements. Subsequently, all of the criminal charges that were alleged by and through the King County Prosecutor's Office against Ms. Howes were dismissed with prejudice, but the Howes family will have to live with the memories of the resultant emotional trauma for the rest of their lives stemming directly from the unconstitutional actions on the part of the defendants named herein.

### III.    CAUSES OF ACTION

3.1    **42 U.S.C. 1983**: In accordance with 42. U.S.C. 1983, Plaintiff asserts a causes of action premised upon the violations of Ashley Howes's Fourth, Fifth, and Fourteenth Amendments not to be deprived of life, liberty, or property with the due process of law. Acting with deliberate indifference and conscious shocking actions, Detectives Carl Chilo, Sharon Stevens, Paul Takemoto, and Nathan Janes each individually, similarly, and collectively violated Ms. Howes's aforementioned well established rights under the United States Constitution.  With deliberate indifference to the need for training and/or in accordance with an unconstitutional policy and/or custom in relation to right of a minor child not to be unlawfully arrested and/or unlawfully interrogated, the City of Seattle violated Ms. Howes's constitutional rights.

3.2    **False Imprisonment/Negligence**: The manner in which Defendants employed their law enforcement tactics as described herein constituted violations of Ashley Howe's rights under Washington State Tort law.

COMPLAINT - 8 of 9

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

### IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, having set forth her cause of action herein against Defendants, prays for judgment against Defendants, for general and special damages in amounts as shall be proven at trial, punitive damages, and for reasonable attorneys fees in accordance with law, and otherwise, for Plaintiff's costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and equitable under the circumstances.

Dated this _____ day of November, 2011.

CONNELLY LAW OFFICES

By _____
   John R. Connelly, Jr., WSBA No. 12183
   Lincoln C. Beauregard, WSBA No. 32878
   Julie A. Kays, WSBA No. 30385
   Attorneys for Plaintiffs

COMPLAINT - 9 of 9

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

# EXHIBIT 2

RECEIVED

11 NOV 23 AM 10: 56

CITY OF SEATTLE
MAYOR'S OFFICE

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Ashley Howes | NO.  11-2-38502-7   SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| The City of Seattle, Detective Carl Chilo, Detective Sharon Stevens, Detective Paul Takemoto, et al. | ASSIGNED JUDGE  Barnett_____46 |
| | FILE DATE:                          11/08/2011 |
| **Defendant(s)** | TRIAL DATE:                        04/29/2013 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition**. Otherwise, the Plaintiff shall serve the **Schedule** on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ | _____

Print Name                                              Sign Name

**I. NOTICES (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] – especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

*Hawes, Ashley*

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue 11/08/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See *KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Tue 04/17/2012 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See *KCLCR 4.2(a) and Notices on Page 2*]. | Tue 04/17/2012 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | Tue 05/01/2012 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See *KCLCR 26(b)*]. | Mon 11/26/2012 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See *KCLCR 26(b)*]. | Mon 01/07/2013 | |
| DEADLINE for Jury Demand [See *KCLCR 38(b)(2)*]. | Tue 01/22/2013 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See *KCLCR 40(e)(2)*]. | Tue 01/22/2013 | * |
| DEADLINE for Discovery Cutoff [See *KCLCR 37(g)*]. | Mon 03/11/2013 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See *KCLCR 16(b)*]. | Mon 04/01/2013 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See *KCLCR 4(j)*]. | Mon 04/08/2013 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See *KCLCR 16(a)(2)*] | Mon 04/08/2013 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See *KCLCR 56; CR 56*]. | Mon 04/15/2013 | |
| Joint Statement of Evidence [See *KCLCR (4)(k)*]. | Mon 04/22/2013 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 04/22/2013 | * |
| Trial Date [See *KCLCR 40*].   *ER GOES 3/28/13* | Mon 04/29/2013 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   11/08/2011

*Richard F. McDermott*

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

### CASE SCHEDULE AND REQUIREMENTS
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the processing of trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment.  Information can also be obtained by calling (206) 205-5984.

### MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_Richard F. McDermott_

**PRESIDING JUDGE**

# EXHIBIT 3

RECEIVED

11 NOV 23 AM 10:55

CITY OF SEATTLE
MAYOR'S OFFICE

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Ashley Howes | NO. 11-2-38502-7 SEA |
| VS | |
| The City of Seattle, Detective Carl Chilo | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

<u>CAUSE OF ACTION</u>

**(PIN) -**     TORT, NON-MOTOR VEHICLE

<u>AREA DESIGNATION</u>

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

# EXHIBIT 4

The Honorable Suzanne Barnett

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | | |
|---|---|---|
| ASHLEY HOWES, | ) | |
| | ) | |
| Plaintiffs, | ) | No.    11-2-38502-7SEA |
| | ) | |
| vs. | ) | NOTICE OF APPEARANCE |
| | ) | |
| THE CITY OF SEATTLE, DETECTIVE | ) | |
| CARL CHILO, DETECTIVE SHARON | ) | [CLERK'S ACTION REQUIRED] |
| STEVENS, DETECTIVE PAUL TAKEMOTO | ) | |
| and DETECTIVE NATHAN JANES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:    Clerk of the above-entitled court; and

TO:    Ashley Howes above-named, and her counsel:

PLEASE NOTE that defendants, The City of Seattle, Detective Carl Chilo, Detective Sharon Stevens, Detective Paul Takemoto and Detective Nathan Janes, by and through their undersigned attorney, and without waiving any objections as to improper service, process, jurisdiction, venue, or any other CR 12 insufficiencies, enter their appearance in this action and request that all future papers and pleadings in this matter, except original process, be served on this attorney at the address stated below.

NOTICE OF APPEARANCE - 1

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

1   Please make note that the Seattle City Attorney's Office **mailing address** is:

2       PO Box 94769
        Seattle, WA  98124-4769

3   and that the **street/hand-delivery/messenger address** is:

4       600 Fourth Ave., 4th Floor
5       Seattle, WA  98104

6   The post office advises that any **mail** being delivered via the United States Postal Service

7   having an address other than the above-referenced PO Box will be returned to the sender.

8       DATED this 7th day of December, 2011.

9                           PETER S. HOLMES
                            Seattle City Attorney

10
        By:     s\ Brian G. Maxey
11              Assistant City Attorney
                State Bar Number 33279
12              Telephone: (206) 733-9001
                E-mail: brian.maxey@seattle.gov

13
        By:      s\ Dominique L. Jinhong
14              Assistant City Attorney
                State Bar Number 28293
15              Telephone: (206) 684-8251
                E-mail: dominique.jinhong@seattle.gov

16
                600 Fourth Avenue, 4th Floor
17              PO Box 94769
                Seattle, WA  98124-4769
18              Fax: (206) 684-8284

19              Attorneys for Defendants

20

21

22

23

NOTICE OF APPEARANCE - 2

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

# EXHIBIT 5





**King County**    Home   News   Services   Comments   Search

**ECR Online** SUPERIOR COURT CLERK'S OFFICE                    Home | Logout | Help

## All Documents

My Account Info
Pages Remaining: 1899
Buy More
Pages Selected: 0
Reports Selected: 0
Amount 284.85
Remaining:
Amount Purchased: 5700.00

**INSTRUCTIONS**
▷ 1) Select the
documents you wish
to purchase by
checking the box to
the left of the Sub #.
2) Click on the Get
Document button.

**All Documents**     **Viewable**

Case Number: 11-2-38502-7        Case Title: HOWES VS SEATTLE CITY OF ET AL    Filter By: - All -

| Select | Sub #▲ | Pages | Date | Description |
|--------|--------|-------|------|-------------|
| ☐ | 1 | 9 | 11/08/2011 | COMPLAINT |
| ☐ | 2 | 6 | 11/08/2011 | SET CASE SCHEDULE |
| ☐ | 3 | 1 | 11/08/2011 | CASE INFORMATION COVER SHEET |
| ☐ | 4 | 2 | 11/08/2011 | SUMMONS |
| ☐ | 5 | 1 | 11/28/2011 | AFFIDAVIT/DCLR/CERT OF SERVICE |

Get Document(s)